| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____   Chapter **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Sunnova Energy Corporation** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **Sunstreet Energy Group** |
|---|---|---|
|  |  | **SUNNOVA** |
|  | Include any assumed names, trade names, and *doing business as* names | **Sunnova Energy Group** |

| 3. | Debtor's federal Employer Identification Number (EIN) | **46-1216532** |
|---|---|---|

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
|  |  | **20 East Greenway Plaza, Suite 540** | |
|  |  | Number     Street | Number     Street |
|  |  |  | P.O. Box |
|  |  | **Houston, Texas 77046** | |
|  |  | City          State    Zip Code | City          State    Zip Code |
|  |  |  | **Location of principal assets, if different from principal place of business** |
|  |  | **Harris County** | |
|  |  | County | Number     Street |
|  |  |  | City          State    Zip Code |

| 5. | Debtor's website (URL) | https://www.sunnova.com/ |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|  |  | ☐ Partnership (excluding LLP) |
|  |  | ☐ Other. Specify: _____ |

Debtor **Sunnova Energy Corporation**  Case number *(if known)*
　　　　Name

| | |
|---|---|
| 7. Describe debtor's business | A. *Check One:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☒ None of the above <br><br> B. *Check all that apply:* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br> **2211 - Electric Power Generation, Transmission and Distribution** |
| 8. Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☒ Chapter 11. *Check all that apply:* <br> 　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). <br> 　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br> 　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. <br> 　☐ A plan is being filed with this petition. <br> 　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br> 　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br> 　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |
| 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years? <br><br> If more than 2 cases, attach a separate list. | ☒ No <br> ☐ Yes. District _____ When MM/DD/YYYY Case number _____ <br> 　　　 District _____ When MM/DD/YYYY Case number _____ |

Debtor  **Sunnova Energy Corporation**　　　　　　　　　　　Case number *(if known)*
　　　　　Name

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor **See Rider 1**<br>District **Southern District of Texas**<br>Case number, if known **See Rider 1** | Relationship **Affiliate**<br><br>When **See Rider 1**<br>　　　　MM / DD / YYYY | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

　　**Why does the property need immediate attention?** (*Check all that apply.*)

　　☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　　What is the hazard? _____

　　☐ It needs to be physically secured or protected from the weather.

　　☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

　　☐ Other _____

　　**Where is the property?** _____
　　　Number　Street
　　　_____
　　　City　　　　　　　　　　State　Zip Code

　　**Is the property insured?**
　　☐ No
　　☐ Yes.　Insurance agency _____
　　　　　　Contact name _____
　　　　　　Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | **Sunnova Energy Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☒ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☒ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **6/8/2025**
                       MM/ DD / YYYY

✖   **/s/ Ryan Omohundro**                              **Ryan Omohundro**
     Signature of authorized representative of debtor      Printed name

     Title   **Chief Restructuring Officer**

**18. Signature of attorney**

✖   **/s/ Jason G. Cohen**                              Date   **6/8/2025**
     Signature of attorney for debtor                             MM/DD/YYYY

**Jason G. Cohen**
Printed name

**Bracewell LLP**
Firm name

**711 Louisiana Street, Suite 2300**
Number          Street

**Houston**                                                 **Texas**        **77002**
City                                                        State           ZIP Code

**(713) 223-2300**                                          **jason.cohen@bracewell.com**
Contact phone                                               Email address

**24050435**                                                **Texas**
Bar number                                                  State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) | |
| Case number *(if known)*: _____    Chapter __11__ | |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

   On June 1, 2025, Debtor Sunnova TEP Developer, LLC ("TEP Developer") filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the date hereof, TEP Developer filed an amended voluntary petition, and each of the entities listed below (together with TEP Developer, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of the Bankruptcy Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Sunnova Energy International Inc.

- Sunnova Energy International Inc.
- Sunnova Energy Corporation
- Sunnova Intermediate Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SUNNOVA ENERGY CORPORATION, | ) Case No. 25-_____(___) |
| Debtor. | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Sunnova Energy International Inc. | 20 East Greenway Plaza, Suite 540 Houston, Texas 77046 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| SUNNOVA ENERGY CORPORATION, | ) ) Case No. 25-_____(___) |
| Debtor. | ) ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sunnova Energy International Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name: **Project Solstice**

United States Bankruptcy Court for the: **Southern District of Texas**

Case number (If known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders         12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association<br>Attn: Sunnova Energy Notes Administrator<br>50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>United States | Attn: Barry D. Somrock<br>Title: Vice President<br>Phone: (800) 982-4620<br>Email: barrysomrock@wilmingtontrust.com | 2.625% Convertible Senior Notes Due 2028 + Interest | | | | $603,981,250 |
| 2 | Wilmington Trust, National Association<br>Attn: Sunnova Energy Notes Administrator<br>50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>United States | Attn: Hallie E. Field<br>Title: Vice President<br>Phone: (800) 982-4620<br>Email: halliefield@wilmingtontrust.com | 0.25% Convertible Senior Notes Due 2026 + Interest | | | | $575,722,743 |
| 3 | Wilmington Trust, National Association<br>Attn: Sunnova Energy Notes Administrator<br>50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>United States | Attn: Barry D. Somrock<br>Title: Vice President<br>Phone: (800) 982-4620<br>Email: barrysomrock@wilmingtontrust.com | 11.750% Senior Notes Due 2028 + Interest | | | | $431,463,889 |
| 4 | Wilmington Trust, National Association<br>Attn: Sunnova Energy Notes Administrator<br>50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>United States | Attn: Barry D. Somrock<br>Title: Vice President<br>Phone: (800) 982-4620<br>Email: barrysomrock@wilmingtontrust.com | 5.875% Senior Notes Due 2026 + Interest | | | | $405,940,278 |
| 5 | Trinity Solar<br>2211 Allenwood Road<br>Wall, NJ 07719<br>United States | Attn: Tom Pollock<br>Title: Chief Executive Officer<br>Phone: (732) 780-3779<br>Email: tom.pollock@trinity-solar.com | Dealer Payable | | | | $78,747,427 |
| 6 | Windmar PV Energy, Inc<br>#206 San Francisco Street<br>San Juan, PR 00901<br>United States | Attn: Victor Gonzalez<br>Title: President<br>Phone: (787) 395-7766 | Dealer Payable | | | | $54,056,595 |
| 7 | Power Solar, LLC<br>PO Box 270384<br>San Juan, PR 00928<br>United States | Attn: Enrique Gonzalez<br>Title: Chief Executive Officer<br>Phone: (787) 331-1000 | Dealer Payable | | | | $28,183,194 |
| 8 | V3 Electric, Inc<br>160 Blue Ravine Rd, Ste F<br>Folsom, CA 95630<br>United States | Attn: Josh Collette<br>Title: Chief Executive Officer<br>Phone: (844) 837-6937<br>Email: josh@v3electric.com | Dealer Payable | | | | $13,601,468 |
| 9 | Sunnymac, LLC<br>413 8th Ave<br>Wilmington, DE 19805<br>United States | Attn: Matt Macfadden<br>Title: Chief Executive Officer<br>Phone: (844) 786-6962<br>Email: matt@sunnymacsolar.com | Dealer Payable | | | | $9,854,519 |
| 10 | Aon Risk Services Southwest, Inc.<br>200 E. Randolph Street<br>Chicago, IL 60601<br>United States | Attn: Lori Goltermann<br>Title: Chief Executive Officer, North America and Global Regions<br>Phone: (312) 381-1000<br>Email: lori.goltermann@aon.com | Trade Payable | Unliquidated | | | $8,609,489 (estimated) |
| 11 | Markel Insurance Company<br>4521 Highwoods Parkway<br>Glen Allen, VA 23060<br>United States | Attn: Lindey Jennings<br>Title: Chief Underwriting Officer<br>Phone: (800) 446-6671<br>Email: ljennings@markel.com | Surety Bond | Contingent, Unliquidated | | | $7,500,000 |
| 12 | Lgcy Installation Services LLC<br>Lgcy Holdings LLC<br>3333 N Digital Dr, Ste 600<br>Lehi, UT 84043<br>United States | Attn: Doug Robinson<br>Title: Chief Executive Officer<br>Phone: (855) 502-0485<br>Email: dougrobinson@lgcypower.com | Dealer Payable | | | | $7,038,227 |
| 13 | Baker Botts LLP<br>910 Louisiana Street<br>Houston, TX 77002<br>United States | Attn: Paul Eichelman<br>Title: Chief Financial Officer<br>Phone: (212) 408-2500<br>Email: paul.eichelman@bakerbotts.com | Professional Services | Unliquidated | | | $6,591,121 (estimated) |
| 14 | Citadel Roofing And Solar Sst<br>Jaj Roofing<br>4980 Allison Parkway<br>Vacaville, CA 95688<br>United States | Attn: Dieter Folk<br>Title: President<br>Phone: (707) 446-5500<br>Email: dfolk@citadelrs.com | Dealer Payable | | | | $6,543,932 |
| 15 | Salesforce Inc.<br>415 Mission Street<br>3rd Fl<br>San Francisco, CA 94105<br>United States | Attn: Marc Benioff<br>Title: Chief Executive Officer<br>Phone: (800) 664-9073<br>Email: mbenioff@salesforce.com | Trade Payable | | | | $6,003,468 |
| 16 | Exo Energy Inc.<br>1358 La Mirada Dr<br>San Marcos, CA 92078<br>United States | Attn: Wesley Calland<br>Title: Owner<br>Phone: (888) 463-9667<br>Email: wesley@goexoenergy.com | Trade Payable | | | | $5,765,210 |
| 17 | Our World Energy<br>7720 W Encinas Ln<br>Phoenix, AZ 85043<br>United States | Attn: Caleb Antonucci<br>Title: Chief Executive Officer<br>Phone: (623) 850-5700<br>Email: cantonucci@ourworldenergy.com | Dealer Payable | | | | $5,566,455 |
| 18 | Freedom Forever, LLC<br>43445 Business Park Dr.<br>Suite 110<br>Temecula, CA 92590<br>United States | Attn: Brett Bouchy<br>Title: Chief Executive Officer<br>Phone: (888) 557-6431<br>Email: bbouchy@freedomforever.com | Dealer Payable | | | | $5,391,355 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | Blue Sky Smart Solutions Inc. 2116 Delaware Street Lawrence, KS 66046 United States | Attn: Greg Bennett Title: Chief Executive Officer Phone: (888) 677-2992 Email: greg.bennett@blueskysmartsolutions.com | Dealer Payable | | | | $5,207,591 |
| 20 | Lumio Hx, Inc. 1550 W. Digital Dr. Ste 500 Lehi, UT 84043 United States | Attn: Andrew Walton Title: Chief Underwriting Officer Phone: (888) 586-4649 Email: andrew.walton@lumio.com | Dealer Payable | | | | $4,513,322 |
| 21 | Integrated Solar Operations (Isogroup) PO Box 9731 San Juan, PR 00908 United States | Attn: Ralph Diaz Title: President Phone: (787) 520-9041 Email: ralph@integratedoperationsllc.com | Dealer Payable | | | | $4,346,676 |
| 22 | Powur, PBC 2683 Via De La Valle #G321 Del Mar, CA 92014 United States | Attn: Jonathan Budd Title: Chief Executive Officer Phone: (866) 467-6987 Email: jonathan.budd@powur.com | Dealer Payable | | | | $3,216,480 |
| 23 | Infinity Energy Inc. 3825 Atherton Road Rocklin, CA 95765 United States | Attn: Bryson Solomon Title: Chief Executive Officer Phone: (407) 676-6750 Email: bsolomon@goinfinityenergy.com | Dealer Payable | | | | $2,642,449 |
| 24 | Lien Solutions CT Corporation System PO Box 301133 Dallas, TX 75303 United States | Attn: Nancy McKinstry Title: Chief Executive Officer Phone: (713) 533-4600 Email: nancy.mckinstry@wolterskluwer.com | Trade Payable | Unliquidated | | | $2,580,270 (estimated) |
| 25 | Solar Energy World, LLC 14880 Sweitzer Ln Suite A Laurel, MD 20707 United States | Attn: Peter Belman Title: Chief Executive Officer Phone: (866) 856-4580 Email: pbelman@solarenergyworld.com | Dealer Payable | | | | $2,442,968 |
| 26 | Deloitte Tax LLP 4022 Sells Dr Hermitage, TN 37076 United States | Attn: Joe Ucuzoglu Title: Chief Executive Officer Phone: (212) 436-4020 Email: jucuzoglu@deloitte.com | Professional Services | Unliquidated | | | $2,405,329 (estimated) |
| 27 | Integrated Energy Group LLC 3929 E Guasti Suite F Ontario, CA 91761 United States | Attn: Josh Tofteland Title: Partner and Chief Executive Officer Email: jd.tofteland@ieconstruction.com | Trade Payable | | | | $2,190,599 |
| 28 | Telt Ventures LLC Dba 1 Solar 2391 S 1560 W Woods Cross, UT 84087 United States | Attn: Jake Kilgore Title: Chief Executive Officer Phone: (801) 683-8168 Email: jake@1solar.com | Dealer Payable | | | | $1,952,736 |
| 29 | Home Depot Solutions LLC 2455 Paces Ferry Road Atlanta, GA 30339 United States | Attn: Ted Decker Title: Chief Executive Officer Phone: (770) 433-8211 Email: ted_decker@homedepot.com | Contract Rejection | Unliquidated | | | Undetermined |
| 30 | Tesla Inc. 6800 Dumbarton Circle Fremont, CA 94555 United States | Attn: Vaibhav Taneja Title: Chief Financial Officer Email: vtaneja@tesla.com | Contract Rejection | Unliquidated | | | Undetermined |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Sunnova Energy Corporation** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **6/8/2025** | ☒ /s/ Ryan Omohundro |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Ryan Omohundro** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors

UNANIMOUS WRITTEN CONSENT OF THE
BOARDS OF DIRECTORS, MANAGERS, AND MEMBERS, AS APPLICABLE,
OF EACH OF THE ENTITIES LISTED ON **SCHEDULE I** HERETO

June 8, 2025

Pursuant to the applicable laws of each jurisdiction in which each of the entities listed on **Schedule I** attached hereto (each, a "Company," and collectively, the "Companies") is organized or incorporated, as applicable, and the bylaws, limited liability company agreement, or such similar document of each Company (collectively, the "Governing Documents"), and in lieu of a special meeting, the undersigned, constituting all of the members of the board of directors, managers, or similar governing body of the Companies (each, an "Authorizing Body," and collectively, the "Authorizing Bodies"), do unanimously consent to and adopt the following resolutions, which are attached hereto and incorporated herein in full by reference.

A. Authorization to File for Chapter 11 Relief, File Related Motions, and Execute Accompanying Documentation

RESOLUTION A

COMPANIES:   As Listed on **Schedule I**

ITEM:   Resolutions of the Authorizing Bodies

SUBJECT:   Authorization to File for Chapter 11 Relief, File Related Motions, and Execute Accompanying Documentation

DATE:   June 8, 2025

*Authorization to File for Chapter 11 Relief, File Related Motions, and Execute Accompanying Documentation*

WHEREAS, the Board of Sunnova Energy International Inc. (such Company, "SEI" and the board of directors thereof, the "SEI Board") previously deemed it advisable and in the best interests of SEI to evaluate SEI's capital structure, assets, liabilities, operations, liquidity, and general financial condition, and to consider, evaluate and negotiate transactions and/or other strategic alternatives for SEI and its stakeholders, including the possibility of undertaking a restructuring, reorganization, and/or other recapitalization transaction involving SEI and/or one or more of its subsidiaries and/or affiliates (any such transaction, a "Transaction") and to take such other actions with respect thereto;

WHEREAS, the SEI Board previously determined, in a sound exercise of its business judgment, that it is advisable and in the best interests of SEI and its stakeholders to establish a special committee of the SEI Board (the "Special Committee"), comprising disinterested directors Jeffrey S. Stein and Anthony Horton (collectively, the "Disinterested Directors"), and to delegate to the Special Committee certain rights, authority, and powers in connection with any matters in which a conflict of interest exists or is reasonably likely to exist between SEI, on the one hand, and any of its current or former directors, managers, officers, investment committee members, special or other committee members, equityholders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as a director or manager of an entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors of such person or entity, and any such person's or entity's respective heirs, assigns, executors, estates, and nominees (collectively, the "Related Parties"), on the other hand, as reasonably determined by the Special Committee (each, a "Conflicts Matter");

WHEREAS, the SEI Board delegated to the Special Committee the authority to investigate and determine, based on the advice of counsel to SEI and/or counsel to the Disinterested Directors or Special Committee, as applicable, and in the Special

1

Committee's business judgment, whether any matter related to a Transaction constitutes a Conflicts Matter and that any such determination shall be binding on SEI;

WHEREAS, to the fullest extent permitted by applicable law, the SEI Board delegated to the Special Committee the exclusive authority to review, discuss, consider, negotiate, approve, authorize, and act upon any Conflicts Matter;

WHEREAS, the Special Committee has determined and reported to the SEI Board that, in the judgment of the Special Committee, to the extent the following resolutions and the actions, transactions and documentation contemplated thereby constitute Conflicts Matters, they are advisable and in the best interests of SEI, its stakeholders, its subsidiaries, its creditors and the other parties in interest, and has recommended approval of the same by the SEI Board;

WHEREAS, the Authorizing Bodies, having reviewed and considered (a) filing of voluntary petitions for relief for the Companies under the Bankruptcy Code pursuant to applicable law and in accordance with the requirements of the Companies' Governing Documents and applicable law (the "Restructuring Matters"), and (b) retention of the professionals, as set forth herein, in the chapter 11 cases;

WHEREAS, the Authorizing Bodies have reviewed and considered the materials presented by the management of the Companies and the Companies' financial and legal advisors (collectively, the "Restructuring Advisors"), and have had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Authorizing Bodies have determined, in their business judgement, that the following Resolutions, and Transactions contemplated therein, are advisable and in the best interests of the Companies, their creditors, their stakeholders, and other parties in interest;

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the Governing Documents, the Authorizing Bodies do hereby unanimously adopt the following Resolutions; and it was further

*The Chapter 11 Filing*

RESOLVED, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Companies, their stakeholders, their creditors, and other parties in interest, that the Companies file or cause to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and it was further

RESOLVED, that any directors or other duly appointed officers of the Companies (collectively, the "Authorized Persons"), which shall include the Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, shall be, and each of them individually hereby is, authorized and directed for and on behalf of the Companies to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of the Companies in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Companies' businesses; and it was further

*Retention of Professionals*

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered and directed to employ on behalf of each Company: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (b) the law firm of Bracewell LLP as co-bankruptcy counsel; (c) Moelis & Company LLC, as investment banker; (d) Alvarez & Marsal North America, LLC, as financial advisor; (e) Kroll Restructuring Administration LLC, as claims and noticing agent; (f) Kobre & Kim LLP, as independent counsel to the Special Committee; (g) Province, Inc., as independent financial advisor to the Special Committee; and (h) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, the Authorized Persons be and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and it was further

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, proper, appropriate, or desirable in accordance with the Resolutions; and it was further

*General Authorization*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons (and their designees and delegates), either individually or as otherwise required by each Company's Governing

Documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Companies relating to the Restructuring Matters; and it was further

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein; and it was further

RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the Governing Documents of the Companies, or hereby waive any right to have received such notice; and it was further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Authorizing Bodies; and it was further

RESOLVED, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Companies itself may lawfully do, in accordance with their Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing Resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

[*Remainder of Page Intentionally Blank*]

## Schedule I

Sunnova Energy International Inc.

Sunnova Energy Corporation

Sunnova Intermediate Holdings, LLC

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

Sunnova Energy International Inc.

*/s/ Park Shaper*

Name: C. Park Shaper
Title: Director (Chairman)

*/s/ Paul Mathews*

Name: Paul S. Mathews
Title: Director

*/s/ Anne Andrew*

Name: Anne Slaughter Andrew
Title: Director

*/s/ Anthony Horton*

Name: Anthony Horton
Title: Director

*/s/ Jeffrey Stein*

Name: Jeffrey S. Stein
Title: Director

*/s/ Jeremy Thigpen*

Name: Jeremy Thigpen
Title: Director

[*Unanimous Written Consent—Omnibus Filing Resolutions Signature Page*]

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

Sunnova Energy Corporation

*Paul Mathews*
DocuSigned by: 008F621CC6D9424...

Name: Paul S. Mathews
Title: Director

*David Searle*
DocuSigned by: 5EEF3FF752C6460...

Name: David Searle
Title: Director

[*Unanimous Written Consent—Omnibus Filing Resolutions Signature Page*]

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

        Sunnova Intermediate Holdings, LLC

By:    Sunnova Energy Corporation, its Sole Member

*Paul Mathews*

By:    Paul S. Mathews
Title:  President, Chief Executive Officer

[*Unanimous Written Consent—Omnibus Filing Resolutions Signature Page*]